UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80884-ROSENBERG

N.G., an individual,

    Plaintiff,

v.

BW RRI III LLC,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Defendant's Motion to Dismiss at docket entry 17. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

The Plaintiff is an alleged victim of sex trafficking. DE 1 at 1. The Defendant owns and operates a hotel as a franchisee. *Id.* The Plaintiff alleges that she was subject to sex trafficking at a hotel owned and operated by the Defendant, and that the Defendant had knowledge of the sex trafficking. *Id.* at 3.

Because the Plaintiff alleges that the Defendant had knowledge of the trafficking, and because the Plaintiff alleges that the Defendant financially benefited from the illegal activity, the Plaintiff has bought a claim against the Defendant under the Trafficking Victims Protections Reauthorization Act (the "TVPRA"), 18 U.S.C. § 1595. Courts have permitted such claims to be pled against hotel owners and operators. *E.g.,* DE 27 at 4 (collecting cases). The Defendant has premised its Motion to Dismiss on a recently-decided case, *Doe v. Red Roof Inns*, *Inc.*, 21 F.4th 714 (11th Cir. 2021), arguing that *Doe* stands for the proposition that the Plaintiff cannot plausibly plead a claim against it under the TVPRA.

In *Doe*, the Eleventh Circuit held that a sex trafficking victim had failed to plausibly allege a claim against a hotel franchis*or*, because the plaintiff had failed to plausibly allege that the franchisor had knowingly participated in sex trafficking. *Id.* at 729. But here, in the instant

case, the Defendant is a franchis*ee*, not a removed and distant corporation with an attenuated connection to the events at issue.  Far from standing for the proposition that a franchis*ee* cannot be liable for knowingly participating in a sex trafficking operation, *Doe* unequivocally and expressly stands for the proposition that a franchisee **can** be held liable under the TVPRA: "But, as the court explains, similar claims against those who own, operate, or manage the hotels in question (*e.g.,* franchisees) would withstand a Rule 12(b)(6) motion to dismiss." *Id.*

A sampling of the plethora of allegations in the Complaint in the instant case include that the Defendant:

> participated in a venture by operating a hotel that rented rooms to an individual(s) that Defendant **knew or should have known were involved in sex-trafficking pertaining to Plaintiff.**
>
> . . .
>
> Defendant, as the owner, operator, manager, controller, and/or franchisee, of the subject hotel, knew or should have known, based on a combination of well-documented indicators, that sex trafficking and other criminal activity was occurring, and would continue to occur, at the subject hotel as a result of its misfeasance and nonfeasance.

DE 1 at 3-4. (emphasis added).  It is of course hornbook law that the Plaintiff's allegations are accepted as true at the motion to dismiss stage.  Because the Plaintiff has alleged that the Defendant, as a franchisee, knowingly participated in a sex trafficking operation, the Defendant's Motion to Dismiss is denied.  The Defendant shall file an answer to the Plaintiff's Complaint by October 13, 2023.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 4th day of October, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record